## Rosenberger v. Butz et al.

*E. K. Kline, Sr.,* and *E. K. Kline, Jr.,* for plaintiff.

*H. W. Helfrich,* for defendants.

HENNINGER, J., November 6, 1939. — This action in trespass for false imprisonment arises out of an incident in which plaintiff avers that while he was removing his chickens from premises leased by him from defendant Seem to his own property, said Seem, with defendant Constable Butz, unlawfully placed him under arrest and

kept him under restraint for a period of about an hour until he secured money and paid it to Seem for rent due, causing damage to plaintiff through humiliation and through the death of chickens from exposure during the period of confinement.

Defendants denied the arrest, but claimed that in any event they had the authority to arrest without a warrant, since the chickens had been removed while under distraint for rent and in crates belonging to defendant Seem.

At the trial of the issues a verdict was rendered in favor of plaintiff for $200, whereupon defendants moved for judgment n. o. v. and for a new trial. The reasons for a new trial are: (1) Verdict against law, evidence, and weight of evidence; (2) exclusion of evidence as to value of crates and consideration of their theft; (3) leading questions; (4) denying nonsuit; (5) rejection of evidence tending to contradict plaintiff; (6) allowing redirect evidence of a witness; (7) instruction that removal under levy from one place to another in the same county to place known to landlord, did not constitute larceny or right to arrest without warrant; (8) instruction that agency of defendant Seem had been established; (9) instruction that health of chickens at time of exposure affected value but not right to recover.

The verdict was not against the law as given by the court, nor against the evidence or the weight of the evidence. Defendants' counsel has not called our attention to the leading questions objected to. The question of permitting recall of witnesses or redirect examination is one for the trial judge's discretion.

The verdict of the jury, supported by competent evidence, establishes the fact for the purpose of this decision that plaintiff was placed under involuntary restraint at the hands of Constable Butz in the presence of Walter Seem, for his benefit and with his knowledge and acquiescence. The main question, therefore, was whether the court should have instructed the jury as a matter of

law that defendants had a lawful right to arrest plaintiff under the circumstances.

We may assume for the purposes of this decision that defendants had a lien on plaintiff's chickens by reason of the distraint, although the verdict of the jury would indicate that no notice, either actual or constructive, of such distraint was ever given plaintiff. A study of the cases upon the question convinces us that plaintiff, in removing his goods subject to distraint from one point in Lehigh County to another known point in the same county, did not commit any act subjecting him to summary arrest without a warrant.

There are several cases holding that removal of distrained goods does not constitute either larceny: Commonwealth v. Wenger, 35 Lanc. 204; Commonwealth v. Martin, 12 Dist. R. 644; or the obstruction of legal process: Commonwealth v. Leech, 27 Pitts. (O. S.) 233; Commonwealth v. Fisher, 14 D. & C. 603; Commonwealth v. Nichols, 4 Dist. R. 318. The case to the contrary, Commonwealth v. Shertzer, 14 Lanc. 70, cited by defendants, is too sketchily reported to have any weight against the cases above cited.

While we discount plaintiff's insistence that the early morning hour was chosen to suit his trucker's convenience and because it was the ideal time even for honest men to remove chickens, it is still very significant that defendant Seem distrained for the very reason that he knew plaintiff was building a poultry house on his own farm and he feared removal thereto without payment of accrued rent. Since he knew the place of removal and that it was at a place within the constable's jurisdiction, the element of concealment in the taking was absent.

It is admitted by plaintiff that he removed his chickens in defendant Seem's batteries or coops and defendant now contends that he had cause to arrest plaintiff for their theft. According to Seem's own version of the night's happenings, whatever was done by defendants was done to secure payment of the rent. This is borne out by the

fact that when the rent was paid, defendant left his crates in plaintiff's custody and no mention whatever was made of them either before or after the payment was made. Now the verdict concludes the parties and the court to the proposition that an arrest was made and since there is no pretence that it was made for theft of the crates, defendants had no right to have the court charge that an arrest was made for that purpose and, therefore, the arrest that was made was without warrant in fact or in law. Defendant Seem's silence on the subject and his foreknowledge of plaintiff's intentions, together with the fact that the coops were returned that very night without any reference having been made concerning them by any of the parties, further negative any probable cause in his mind for believing that any theft of his crates was intended.

In any event, evidence of the value of the crates was immaterial, for the only distinction between larceny of goods above or below $100 relates to the right to compromise (19 PS §491) and the right to impose costs (19 PS §1227). The right to arrest would be the same, regardless of the value of the stolen goods.

The testimony of John Geisinger, offered in impeachment of plaintiff's testimony, was inadmissible because in the first place the ground laid was too vague and indefinite as to time, place and circumstances: Coates v. Chapman, 195 Pa. 109, 117; and because the matter upon which the attempt to impeach was based was in itself irrelevant to the issue: Coates v. Chapman, supra; Griffith v. Eshelman, 4 Watts 51, 54; Commonwealth v. Stinerock, 4 D. & C. 661.

As to Butz's agency for Seem, Butz was, of course, Seem's agent in the distraint: Mortgage B. & L. Assn. v. Van Sciver et al., 304 Pa. 408; but he was furthermore his agent in all that took place. Seem admits that he went for Butz, took him to plaintiff's home, heard all that was said, and took Butz and plaintiff to the house of one Gehman from whom plaintiff obtained the money paid Seem, and Seem permitted plaintiff to write upon his receipt

for the money, that a certain item constituted "cost of arresting by C. M. J. Butz". The jury was compelled to find that Butz was Seem's agent and, under the circumstances, the instruction to that effect was proper.

We find, therefore, no error which would entitle defendants to a new trial and the verdict was well within the amount the jury was entitled to render.

Now, November 6, 1939, defendants' motion for a new trial and for judgment n. o. v. are denied and the rules granted thereon discharged at the costs of defendants, and judgment may be entered upon the verdict upon payment of the jury fee.